IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MELONY ISABELL, <br> Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-cv-195 |
| ZIMMER HOLDINGS, INC., <br> d/b/a ZIMMER US, INC., <br> Defendant. | ) ) ) ) | Judge Nixon / Brown <br><br> [Jury Demand] |

INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **proposed**. This Agreed Proposed Initial Case Management Order *supersedes* the earlier filed Proposed Initial Case Management Order (Doc. 12).

1. JURISDICTION: Jurisdiction is not disputed. Plaintiff filed this action in the Circuit Court for Davidson County, Tennessee at Nashville on January 26, 2010. On January 28, 2010, the registered agent for Defendant was served with a summons. Plaintiff is a citizen of the State of Tennessee. Defendant is a foreign corporation with a principal place of business in Warsaw, Indiana. On February 25, 2010, Defendant timely removed the action to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. § 1332, on the grounds that the District Courts of the United States had original jurisdiction over this matter because there was complete diversity of citizenship between the Plaintiff and the Defendant and because the amount in controversy exceeded $75,000.00, exclusive of interest and costs. Accordingly, the court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and § 1441.

1

Counsel for the parties further stipulate that the correct party defendant is Zimmer, Inc. (a Delaware corporation with its principal place of business in Warsaw, Indiana) and not Zimmer Holdings, Inc. d/b/a Zimmer US, Inc. Accordingly, Zimmer, Inc. is substituted as the Defendant in this action and the caption is so amended.

2. BRIEF THEORIES OF THE PARTIES:

PLAINTIFF: Plaintiff is making a product liability claim. Plaintiff intends to prove that the Zimmer tibial and femoral nails used by Dr. Obremsky failed and that the failure was due to negligent and defective design, manufacture, construction, assembly, inspection, or sale of the nails. As a result of this alleged negligence, the Plaintiff claims damages in excess of $75,000. Plaintiff is NOT making a claim for lost earning capacity or lost wages. All of her medical bills ($60,323.55) were paid by Medicare.

DEFENDANT: Zimmer denies that the Zimmer tibial and femoral nails were defective in any way and also denies that Zimmer was negligent. Zimmer further denies that any alleged defect or negligence was the proximate cause of Plaintiff's alleged injuries and damages and has raised additional and affirmative defenses to Plaintiff's claims.

3. TARGET TRIAL DATE: October 18, 2011 *at 9:00AM*. The parties estimate *a jury* trial to last 5-7 days. *The Final Pretrial Conference with Judge Nixon will be October 7, 2011 at 10:00AM*

4. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER FED. R. CIV. P. 13-15, 17-21, AND 23: None expected.

2

5. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before May 4, 2010.

6. COMPLETION OF FACT DISCOVERY: The parties shall complete all fact discovery including depositions of fact witnesses on or before November 12, 2010. Discovery is not stayed during dispositive motions, unless ordered by the court. *Before filing any discovery dispute motion the parties must conduct a telephone conference with the magistrate judge.*

7. MOTIONS TO AMEND: The last date for Plaintiff to join additional parties and amend the pleadings without leave of court is June 21, 2010. The last date for Defendant to join additional parties and amend the pleadings without leave of court is July 30, 2010.

8. DISCLOSURE OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and submit expert reports pursuant to Rule 26(a)(2) on or before December 10, 2010. The Defendant shall identify and disclose all expert witnesses and submit expert reports pursuant to Rule 26(a)(2) on or before January 21, 2011.

9. COMPLETION OF EXPERT DISCOVERY AND DEPOSITIONS OF EXPERT WITNESSES: The parties shall complete expert discovery and depose all expert witnesses on or before March 18, 2011.

10. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before May 12, 2011. Responses to dispositive motions shall be filed on or before June 9, 2011. Replies to responses to dispositive motions shall be filed June 30, 2011. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response memoranda are

3

limited to 25 pages and the reply, if a reply is filed, is limited to 5 pages, absent Court permission for additional pages.

11. OTHER DEADLINES: None foreseen at this time.

12. SUBSEQUENT CASE MANAGEMENT CONFERENCE: Counsel for Plaintiff shall initiate this by calling counsel for Defendant and then to the Magistrate Judge's call in number ((615) 695-2851) on <u>January 25, 2011</u> at 10:00 a.m. Central Time.

13. ALTERNATE DISPUTE RESOLUTION: At this juncture, the parties have not yet determined whether alternative dispute resolution is appropriate.

14. CONSENT TO TRIAL BEFORE MAGISTRATE JUDGE: The parties do NOT consent to trial before the magistrate judge.

It is so ORDERED.

JOE B. BROWN
United States Magistrate Judge

4